### ELIAKIM MORSE *vs.* GARDNER ALDRICH & others.

Heirs are jointly chargeable as assigns on a covenant of their ancestor which runs with the land that descends to them. Assigns by deed, &c. are also jointly chargeable on a covenant which runs with the land.

Where the owner of land, by a covenant which binds his heirs and assigns, engages to do a certain act when thereto requested, a written request to do such act, addressed to all the heirs or assigns, and seasonably delivered at the dwellinghouse of one of them, is sufficient ; and if they neglect to do the act, they are all liable to an action on the covenant.

COVENANT BROKEN. The action was against Aldrich and his wife, and Sally Cook, who were charged, in the declaration, as assigns of Stephen Cook.

At the trial before the chief justice, it was proved or admitted that said Stephen Cook died intestate, seized of the land hereinafter mentioned, and leaving five heirs at law, of whom said Aldrich's wife and said Sally Cook were two ; that after his decease, one of his other heirs conveyed his estate in said land to said Aldrich, and the two other heirs conveyed their estate therein to said Sally Cook.

The plaintiff also produced in evidence an indenture executed by the plaintiff and said Stephen Cook, dated November 14th, 1809, in which it was recited that the plaintiff was the owner of land adjoining a mill-pond which covered land of said Stephen, and which was raised and kept up by a dam also owned by him. The covenant, in said indenture, on which this action was brought, was one which ran with the land, and was in these words : "And the said Stephen Cook further covenants that he will draw off his said pond, when thereto requested by said Morse, in the

month of August or September, not exceeding six working days in the whole, in each year," &c. The breach assigned was, that in 1836, the defendants, though requested, neglected to draw off the pond, &c.

Evidence was also given tending to prove that a written notice and request to draw off the pond, addressed to the three defendants, was delivered at the dwellinghouse of said Aldrich, at the time alleged in the declaration. Whereupon the judge instructed the jury, that the defendants, being the only owners of the pond and the dam which raised it, and jointly bound to perform the covenant declared on — a written notice addressed to all of them, and seasonably left at the dwellinghouse of one of them, was a reasonable notice and request, under the said covenant, and that a refusal or neglect to perform it, upon such notice and request, was a breach of the covenant.

Verdict, which was for the plaintiff, to be set aside, and a new trial granted or a nonsuit entered, or judgment to be entered on the verdict, according to the direction of the whole court.

*G. T. Bigelow*, for the plaintiff.

*Mellen*, for the defendants.

PUTNAM, J. The defendants are jointly chargeable in this action. They are also rightly charged as assigns of the covenantor, and this form of declaration would have been right, even if they had acquired their whole title to the mill-pond and dam by descent. *Derisley* v. *Custance*, 4 T. R. 75. Was the request, which was proved at the trial, so made as to authorize a suit for the neglect of the defendants to comply with it, according to the covenant declared on ?

In *Griswold* v. *Plumb*, 13 Mass. 298, it was held that where there was a joint undertaking of defendants to take the custody of, and deliver to the sheriff, goods that were attached, a demand upon one was sufficient to charge both. So in Com. Dig. Condition, L. 11, it is said, that where a condition is to deliver possession to the lessor or his assigns, and the lessor assigns to two, a request to deliver, made by one, is sufficient. In that case, the duty was to be performed by one person to two who were

46 *

jointly interested, and the request by one of the joint assignees was held to be valid. *S. C.* 1 Rol. Ab. 428, *Linghen* v. *Payn.*

In the case at bar, the covenant was to be performed, by two persons jointly, to one, and the demand was on one of them ; and in the case of *Breerton & wife,* Noy, 135, it was ruled that if three persons assume to pay, or give, &c. upon request, if the request be made to one of them, it is good.    6 Dane Ab. 28. So in *Doe* v. *Crick,* 5 Esp. R. 196, the duty was to be performed by two tenants in common, viz. to quit the premises on request ; and notice to quit, given to one, was held by Lord *Ellenborough* to be sufficient against both.

In *Terry & Lowe* v. *Reding,* Mo. 555, where two were bound to make, upon request, such assurance to a conuzee, as he or his counsel should devise, and the assurance was devised, and notice and request were made on one only to execute the assurance, who refused to do so, that notice was held good as to both.    Chief Baron Comyns thus abridges that case :  " If several are bound by obligation, covenant, &c. to do an act upon notice to them, notice to one is sufficient."  Com. Dig. Condition, L. 9.

In *Putnam* v. *Longley,* 11 Pick. 487, it was indeed held that notice, to one of several joint plaintiffs, of the intention of a debtor in execution to take the poor debtors' oath, was not sufficient ; but the decision was expressly founded on the words of *St.* 1787, *c.* 29, and was treated as an exception to the general rule.

The manner of the notice, in the case at bar, viz. by leaving it at the dwellinghouse of the party, was proper : Personal notice was not necessary, as would be necessary in cases of personal process.  *Jones* v. *Marsh,* 4 T. R. 464.

Wherefore, on the authorities before cited, we think that the ruling of the chief justice was correct.    Let the judgment be rendered for the plaintiff, according to the verdict.